[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Appellant Bryant Battle was convicted of possession of crack cocaine,[1] a third-degree felony.[2] He was sentenced to one year of incarceration.
The crack cocaine that was used at trial to convict Battle was seized from an apartment that officers had entered under a search warrant. They had secured the warrant by submitting an affidavit that summarized their initial observations of the activities of a group of young men who had included Battle, and some further direct interaction with the group. The sole issue in this appeal is whether the search warrant was lawful.
Battle claims in his single assignment of error that the affidavit submitted by the officers to obtain the search warrant did not demonstrate a fair probability that contraband would be found in the apartment.[3] Thus, according to Battle, the search warrant should not have been issued, and the trial court erred when it overruled his motion to suppress the evidence discovered during the search. We overrule Battle's assignment of error and affirm the judgment of the trial court.
Our role is to ensure that the magistrate who issued the search warrant had a substantial basis to conclude that probable cause existed.[4] We are required to "accord great deference to the magistrate's determination of probable cause," and to resolve "doubtful or marginal cases * * * in favor of upholding the warrant."[5]
The parties agree on the contents of the affidavit that the magistrate relied upon in issuing the search warrant both have included it in its entirety in their briefs. What they disagree upon is whether the contents of the affidavit supported a determination that there was a fair probability of finding drugs in the apartment. Rather than reproducing the affidavit, we summarize its salient points.
An experienced police officer with Cincinnati's "Street Corner Unit" had received numerous citizen complaints about drug dealing on a particular street corner. The officer and his partners set up surveillance in the area and saw three men enter a gated apartment building that Battle unlocked from within when they arrived. All four men emerged from the building a few minutes later, and one of them appeared to be smoking marijuana.
The officers followed all four men for some distance without losing visual contact and eventually stopped them when they had gotten far enough away from the surveillance post that future surveillance would not be jeopardized. All four men were searched, and police discovered that two of them had marijuana. From Battle, the officers also retrieved a set of keys.
The police questioned the men concerning their recent whereabouts, and all four denied that they had been anywhere near the apartment building that the officers had just seen them enter and leave. One of the officers tried Battle's keys and determined that they opened (1) the gate to the apartment building, (2) the front door to the apartment building, and (3) the door to a particular apartment within the apartment building. All four men, including Battle, continued to deny any familiarity with the apartment building or the particular apartment, even though the keys had worked and the police had told them that they were seen entering and leaving the building.
Finally, a routine check of the men's criminal records revealed that Battle was on probation for feloniously possessing or trafficking in marijuana in a different county, and that Battle had recently been convicted of felony drug possession in Hamilton County.
The group possessed illegal drugs and suspiciously denied any knowledge of the apartment building in which they had just been seen. Battle's keys opened a gate and two doors that led police to a specific apartment, and Battle had been at least twice convicted for possessing drugs in a significant quantity. We hold that, based on the foregoing, there was a substantial basis for a magistrate to conclude that there was a fair probability that illegal drugs would be found in the apartment. We thus affirm the trial court's decision to overrule Battle's motion to suppress the evidence used at his trial.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Hildebrandt and Winkler, JJ.
[1] See R.C. 2925.11(A)
[2] See R.C. 2925.11(C)(4)(c).
[3] See State v. George (1989), 45 Ohio St.3d 325, 544 N.E.2d 640, paragraph one of the syllabus, quoting Illinois v. Gates (1983),462 U.S. 213, 238-239, 103 S.Ct. 2317.
[4] Id., paragraph two of the syllabus.
[5] Id.